# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

BRANDON MILLER and
CHRISTINE MILLER

               Plaintiffs,

                                    Case No. 1:06 CV 0033

v                                    Honorable Richard Alan Enslen

AMERICOR LENDING GROUP, INC.

               Defendant.

---

MICHAEL O. NELSON (P23546)     LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
Attorney for Plaintiffs           THOMAS G. COSTELLO (P42973)
648 Monroe NW, Ste. 318        Attorneys for Americor Lending Group
Grand Rapids, MI 49503          3910 Telegraph, Suite 200
(616) 559-2655                  Bloomfield Hills, MI 48302
                                (248) 593-5000

---

## JOINT PROPOSED JURY INSTRUCTIONS

     These proposed jury instructions are submitted by plaintiffs following discussion with defendants counsel. Plaintiffs counsel believes that these proposed instructions accurately represent agreements reached during discussion with defendant's counsel. However defendant's counsel has not been able to review the final draft prior to submission and therefore reserves the right to object if defendant believes these instructions do not accurately reflect the parties agreements.

## CV 2.01
## Introduction


     (1)    Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

     (2)    I will start by explaining your duties and the general rules that apply in every civil case.

     (3)    Then I will explain the elements of the claim(s) made by the plaintiff.

     (4)    Then I will explain some rules that you must use in evaluating particular testimony and evidence.

     (5)    Then the lawyers for the parties will make their closing arguments.

     (6)    After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

     (7)    Please listen very carefully to everything I say.

**CV 2.02**
**Jurors' Duties**

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers may talk [have talked] about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.



**CV 2.03**
**All Persons Equal Before the Law - Organizations**

_____(1)     This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

**CV 2.04**
**Evidence Defined**

(1)      You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)      The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the television set, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

(3)      Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)      During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose. You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted. Do not speculate about what a witness might have said or what an exhibit might have shown Things that are not evidence are not to influence your decision in any way.

(5)      Make your decision based only on the evidence, as I have defined it here, and nothing else.

**CV 2.05**
**Consideration of Evidence**

_____

(1)        You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)        Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

**Plaintiffs object to paragraph 2. That instruction is not applicable to the facts of this case and the improperly suggests that defendant's conduct is presumed to be proper and lawful.**

(1)     A corporation may act only through natural persons as its agents or employees. In general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated by the corporation, or within the scope of the duties as an employee of the corporation.

## CV 2.06
## Direct and Circumstantial Evidence

_____(1)    Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)    It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## CV 2.07
## Credibility of Witnesses

(1)     Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask    yourself if the witness testified  inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)      These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## CV 2.08
## Number of Witnesses and Evidence Presented

(1)     The number of witnesses who testified makes no difference.

(2)     Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

## CV 2.08A
## All Available Evidence Need Not Be Produced

_____

(1)     No party must call as' witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## CV 2.08B
## Single Witness

    (1)    The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## CV 2.08C
## Not required to Accept Uncontradicted Testimony

(1)      You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

## CV 2.14
## Lawyers' Objections

(1)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(2)     And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**CV 3.01**
**Introduction**

(1)      That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiff's claim(s) against the defendant.

(2)      But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case. Your job is limited to deciding whether the plaintiff has proved the claim(s) alleged in this case.

## CV 3.02
## Preponderance of the Evidence

(1)    The burden is on each plaintiff to prove every essential element of a claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

(2)    To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3)    This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

## CV 3.02A
## Burden of Proof

(1)     In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

(2)     If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

**CV 3.03**
**Specific Elements of Claims**

To prevail on their claim that defendant violated the **Equal Credit Opportunity Act**, Plaintiffs must prove by a preponderance of the evidence :

1.     The defendant regularly extends credit or arranges for the extension of credit.

2.     Plaintiffs applied to the defendant for an extension of credit.

3.     Defendant refused to grant credit to the plaintiffs on substantially the terms that plaintiffs requested.

4.     Defendant failed to provide to plaintiffs written notice of the reasons it refused to extend credit to the plaintiffs on the terms requested within 30 days after receiving plaintiffs' application.[1]

However, when a loan applicant expressly withdraws a credit application, the Defendant is not required to comply with the notification requirements of the Act.[2]

---

[1].     15 U.S.C. § 1691 *et seq.* and 12 C.F.R. §202

[2].     12 C.F.R. Section 202.9 (2): *Expressly withdrawn applications.* When an applicant expressly withdraws a credit application, the creditor is not required to comply with the notification requirements under §202.9;  15 USC 1691e(e) ("No provision of this subchapter imposing liability shall apply to any act done or omitted in good faith in conformity with any official rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor . . . ").

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C. 9900 COVINGTON CROSS DRIVE, SUITE 120

To prevail on their claim for **Breach of Contract**, Plaintiffs must prove by a preponderance of the evidence :

(1) That there was a contract between Plaintiffs and Americor Lending Group, Inc.;
(2) That Americor Lending Group, Inc. breached the contract; and
(3) That Plaintiffs suffered damages as a result of the breach.

If you find after considering all the evidence that Plaintiffs have proved these elements, then your verdict should be for Plaintiffs. However, if Plaintiffs fail to prove any one of these elements, your verdict should be for Americor Lending Group, Inc..

*Source*:        Mich. Civ. J. I. 142.01 (2006).

To prevail on their claim for **Fraud Based on False Representation**, Plaintiffs must prove each of the following elements by clear and convincing evidence:

Defendant made a representation of material fact.

The representation was false when it was made.

Defendant knew the representation was false when it made it, or defendant made it recklessly, that is, without knowing whether it was true.

Defendant made the representation with the intent that plaintiff rely on it.
Plaintiff relied on the representation.

Plaintiff was damaged as a result of their reliance.

Your verdict will be for the plaintiff (on the claim of fraud) if you decide that plaintiff has proved each of these elements by clear and convincing evidence.

Your verdict will be for the defendant (on the claim of fraud) if you decide that plaintiff has failed to prove any one of these elements by clear and convincing evidence.

*Source*:        Mich. Civ. J. I. 128.01 (2006).

To prevail on their claim for **Fraud Based on Bad-Faith Promise**, Plaintiffs Must Prove:

Plaintiffs claim that defendant defrauded them by making a promise of future conduct. To establish this, plaintiff has the burden of proving each of the following elements by clear and convincing evidence:

Defendant promised that it would provide Plaintiffs a mortgage loan with the following elements: (1) the interest rate for the first five years would be fixed at 2%; (2) after the fifth year the interest rate would change to the "treasury average", a rate which had not exceeded 3.5% for the prior 15 years;.

At the time defendant made the promise, it did not intend to keep it.

Defendant made the promise with the intent that plaintiff rely on it.

Plaintiffs relied on the promise.

Plaintiffs were damaged as a result of their reliance.

Your verdict will be for the plaintiffs (on the claim of fraud) if you decide that plaintiffs have proved each of these elements by clear and convincing evidence.

Your verdict will be for the defendant (on the claim of fraud) if you decide that plaintiff has failed to prove any one of these elements by clear and convincing evidence.

*Source*:        Mich. Civ. J. I. 128.03 (2006).

To prevail on their claim that defendant violated the **Mortgage Brokers, Lenders and Servicers act**, plaintiffs must prove by clear and convincing evidence:

1.      Defendant is a mortgage broker or mortgage lender;

2.      Defendant engaged in fraud, deceit, or material misrepresentation in connection with a mortgage loan.[3]

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

---

[3]    M.C.L.445.1672(b).

## CV 3.03A
## Proximate Cause

     (1)    An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## CV 3.03B
## Proximate Cause and Proximately Contributed

(1)    As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

## CV 3.04
## Consider Damages Only If Necessary

(1) If the plaintiff has proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## CV 3.04A
## Damages - Reasonable - Not Speculative

(1)    Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

(2)    You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## CV 3.04C
## Future Damages - Reduction to Present Cash Value

     (1)     If you decide that the plaintiff will sustain damages in the future, you must reduce the amount to its present cash value. The amount of damages you determine the plaintiff will sustain the first year is to be divided by 1.05. The amount of damages you determine will be sustained in the second year is to be divided by 1.10. The amount of damages you determine will be sustained the third year is to be divided by 1.15. You then continue to use the similar procedure for each additional year you determine damages will be sustained. The total of your yearly computation is the present cash value of the plaintiff's future damages.

## CV 3.05
## Describe Damages for Specific Claims

### On Plaintiffs' claim for Breach of Contract:

If you find that the Defendant is liable to the Plaintiffs for breach of contract, then you must determine the amount of money, if any, to award to plaintiffs as contract damages. The following instructions tell you how to do that. If you find that Defendant is not liable, then you do not need to consider the subject of damages.

Plaintiffs must prove by a preponderance of the evidence the amount of any damages to be awarded. However, Plaintiffs are not required to prove their damages with mathematical precision because it is not always possible that a party can prove the exact amount of its damages. Therefore, it is necessary only that plaintiffs prove their damages to a reasonable certainty or a reasonable probability. However, you may not award damages on the basis of guess, speculation or conjecture.[4]

Contract damages are intended to give the party the benefit of the party's bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been fully performed. The injured party should receive those damages naturally arising from the breach. Plaintiffs cannot recover a greater amount as damages than they could have gained by the full performance of the contract.[5]

### On Plaintiffs' claim for **Violation of the Equal Credit Opportunity Act**:

If you find that Defendant violated the Equal Credit Opportunity Act, you may award actual damages and/or punitive damages.

Actual damages may include out-of-pocket monetary losses, injury to credit reputation, and mental anguish, humiliation or embarrassment.  However, such damages shall not be presumed. Any actual damages must be specifically proven[6].

A creditor who fails to comply requirements imposed under the act may also be liable for punitive damages in an amount not greater than $10,000.   You must weigh the following factors in awarding punitive damages: (1) amount of actual damages awarded, (2) frequency of failure to comply; (3) number of persons affected; (4) extent to which the creditor's failure to comply is found to be intentional.[7]

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

---

[4]  M Civ JI 142.30 INTRODUCTION TO DAMAGES

[5]   M Civ JI 142.31 CONTRACT DAMAGES: BENEFIT OF BARGAIN

[6]  <u>Anderson</u> v. <u>United Finance Co.</u>, 666 F.2d 1274 (9th Cir 1982).

[7]  *Id.*

On Plaintiffs' claim for **Violation of the Mortgage Brokers, Lenders and Servicers Act**:

If you find that a preponderance of the evidence shows that the Defendant violated the Act, you should award any actual damages resulting from defendants violation of the act or $250, whichever is greater.[8]

If the defendant establishes by a preponderance of the evidence that the failure to comply with the act was not willful, intentional, or the result of gross or wanton negligence, the amount recovered pursuant to subsection (1)(c) shall not exceed actual damages.

---

[8] MCL 445.1681

On Plaintiffs' claim for **Fraud:**

If you find that Defendant engaged in fraud that induced reasonable reliance by Plaintiffs, then you must also determine the actual damages if any, resulting from Defendant's fraud.

To determine actual damages, you must determine the difference between the value of what Plaintiffs would have obtained had the statement been true, and the value of what Plaintiffs actually received.

*Source:*      *Wolbrink* v. *Sorr* 341 Mich. 512, 521; 67 N.W.2d 688, 692 (1954)*; Hubert v. Joslin*, 285 Mich. 337, 346 (1938)("The measure of damages is the difference between the actual value of the property as it was and the value of the property if it had been as it was represented to be"); *Fagerberg v. LeBlanc*, 164 Mich. App. 349, 356 (1987)"[T]the measure of damages in a tort action where there is no rescission is the difference between the actual value of the land at the time of contract and the value it would have possessed had the representations been true").

**CV 3.05A**

## Prejudgment Interest

(1) If you decide that the plaintiffs have suffered damages, then you should award plaintiffs that amount of interest which you find will fairly compensate the plaintiff for the loss of use of the plaintiff''s funds. If you decide to award interest, the interest should begin to run on the date when plaintiff's total damages became ascertainable which would be August 16, 2005. The interest should run from August 16, 2005 through today's date. The interest rate shall be 5 percent.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

**CV 4.01**
**Introduction**

    (1)     That concludes the part of my instructions explaining the elements of the claim(s) made by plaintiffs and how to calculate damages if you find that damages should be awarded. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## CV 4.02A
## Stipulations of Fact

(1)     The parties have agreed to certain facts that have been given to you. You should therefore treat these facts as having been proved.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

**CV 4.06**
**Summaries Not Admitted in Evidence**

(1)     You have seen some charts and summaries that were not received in evidence that may help explain the evidence. Their only purpose is to help explain the evidence. These charts [and the time-lines put on the board] are not themselves evidence or proof of any facts.

## CV 4.06
## Witness Who Has Been Interviewed by an Attorney

It has been brought out that an attorney has talked with witnesses. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

## CV 4.07
## Impeachment - Inconsistent Statement

(1)     A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

(2)     If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## CV 4.08
## Impeachment by Prior Inconsistent
## Statement Not Under Oath

(1)     You have heard the testimony of [name] You have also heard that before this trial that this witness made a statement that may be different from that witness's testimony here in court.

(2)     This earlier statement was brought to your attention only to help you decide how believable this witness's testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating this witness's testimony here in court.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## CV 9.01
## Introduction

(1)     Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any question or message normally should be sent to me through your foreperson.

(4)     You will be given the documents that were admitted into evidence. If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

(5)     One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiment inside or outside the jury room; do not bring any book, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any place that was mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

## CV 9.04
## Duty to Deliberate

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff's claims were proved by a preponderance of the evidence.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

## CV 9.04A
## NOTES

(1)    During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## CV 9.05
## Verdict Form

(1)     I have prepared verdict forms for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict.

(2)     When you answer one or all of these questions regarding one of the plaintiffs, you should then answer the questions for the other plaintiff. Your foreperson should sign and date both verdict forms.

(3)     After both verdict forms are completed, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdicts.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302 (248) 593-5000

**CV 9.09**
**Court Has No Opinion**

(1)     Let me emphasize something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

### Clear and Convincing Evidence

_____    *(When I say that a party has the burden of proving a proposition by clear and convincing evidence, I mean that the evidence must more than outweigh the evidence against it. To be clear and convincing, the evidence must satisfy you that the proposition has been established with a high degree of probability.)

M Civ JI 8.01

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.** _____

### **Instructions apply to each party**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to the plaintiff and to the defendant in the case.

*Source*:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 103.10 (civil)(5th ed.)(2007 Supp).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____

### "Inferences" defined

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

*Source*:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 104.20 (civil)(5th ed.)(2007 Supp).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.     

## Effect of refusal of witness to answer

The law requires that every witness answer all proper questions put to him or her at trial, unless I rule the witness is privileged to refuse to answer on Constitutional or other grounds. The fact that a witness refuses to answer a question after being instructed by me to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

*Source*: O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 105.10 (civil)(5th ed.)(2007 Supp).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.** _____

**Verdict forms--Jury's responsibility**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

*Source*: O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 106.07 (civil)(5th ed.)(2007 Supp).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____

### Intent to Defraud

The defendant cannot be held liable unless the representations were made by him with the intent to defraud and deceive the plaintiff. In other words, it is necessary for the plaintiff to prove the defendant made representations with knowledge of their falsity, and that defendant intended to defraud the plaintiff.

*Source:* _____ Mich Nonstan Jury Inst Civ §20.10

_____**Plaintiffs object to this instruction. Previous instructions accurately and adequately state the elements of a fraud claim and this instruction improperly adds an additional element of specific intent. In addition, it is not clear that this element applies only to the fraud claim.**

**Material Fact—Definition**

A material fact cannot be an opinion, belief, speculation or prediction. It must relate to something past or present that can be proved or disproved.

A material fact must be of enough importance in the matter that a reasonable person would be likely to rely on it.

*Source*:         Mich. Civ. J. I. 128.10 (2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____**

**Reliance—Definition**

When I use the word relied, I mean that plaintiff would not have entered into the contract if defendant had not made the promise, even if the promise was not the only reason for plaintiff's action.

*Source*:        Mich. Civ. J. I. 128.11 (2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____

### Fraud not presumed

This case involves claims by Plaintiffs that Defendant engaged in conduct to defraud Plaintiffs. I will now explain the law pertaining to fraud.

Fraud can never be presumed, but must be proved by clear and convincing evidence.

If a transaction that is called into question is equally capable of two interpretations, one honest and the other fraudulent, it should be found to be honest.

*Source:*   *Foodland Distributors v. Al-Naimi,* 220 Mich. App. 453, 457-458 (1996)("[F]raud must be established by clear and convincing evidence and must never be presumed"); *Source*: O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 123.10 (civil)(5th ed.)(2007 Supp).

**Plaintiffs object of this instruction because paragraphs 1 and 2 are repetitious of previous instructions. Paragraph 3 is not supported by the case cited or other Michigan law**.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___

### Unreasonable Reliance - Fraud

There can be no fraud where an individual had the means to determine that a representation was not true. Plaintiffs cannot claim to have been defrauded if they had information available to them that they chose to ignore. An individual who unreasonably relies on false statements is not be entitled to damages for misrepresentation. One cannot claim to be defrauded when he closes his eyes to known or obvious risks or where the means of knowledge are available to discover the nature of any alleged falsehood. Further, for purposes of proving fraud, it cannot be said that Plaintiffs *reasonably* relied upon representations if there was an available document showing contrary representations.

Sources:     *Nieves v. Bell Industries, Inc.*, 204 Mich App 459, 463-464 (1994); *Novak v. Nationwide Mutal Ins Co.*, 235 Mich App 675, 690 (1999). *McMullen v. Joldersma*, 174 Mich. App. 207, 213-214 (1988); *Webb v. Malmquist*, 195 Mich. App. 470, 474 (1992)("[T]here can be no fraud where the means of knowledge regarding the truthfulness of the representation are available to the plaintiff and the degree of their utilization has not been prohibited by the defendant"); *Home Sweet Home Investments, LLC v. Weber & Mony, P.C.*, Unpublished , Michigan COA No. 237918 (2003) (quoting Mayer v. Spanel Int'l. Ltd., 51 F.3d 670, 676 (CA 7 1995)("The reason or at least a reason for barring the reckless fraud plaintiff from obtaining relief is that when a person or firm, especially (we add) a large sophisticated commercial enterprise with relevant experience, closes its eyes to a manifest danger, suspicion arises that it wasn't actually fooled by the false representations of which it is complaining." *Id*. at 646. "Under these circumstances, the far more probable scenario was the plaintiff did not rely on any representations at all, but willfully accepted all the risks of the transaction." *Id.* at 646.)).

**Plaintiffs object to this instruction. It is improperly argumentative. The elements of fraud are well-known and adequately stated in previous standard instructions.**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  

### Elements of Contract Formation

A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty. To be binding, a contract must include a manifestation of mutual assent to the terms and conditions of the contract. This is referred to as the "meeting of the minds." There must be a meeting of the minds; there can be no contract if only one party intends to be bound.

Because intent, including intent to be bound, is seldom susceptible to direct proof because it relates to a person's state of mind, the law presumes that a person intends the natural and probable consequences of that person's acts. The meeting of the minds or the mutual manifestation of intent may be made wholly or partly by written or spoken words or by other acts or conduct, and an internal or unexpressed intention not to be bound is ineffective.

In determining whether or not there was any contract, you must decide whether or not there was a meeting of the minds between the parties with respect to the terms of the alleged oral agreement and a present intention to be bound.

*Source*: O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 126.01 (civil)(5th ed.)(2007 Supp); *Eerdmans v. Maki*, 226 Mich App 360, 364; 573 NW2d 329 (1997).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____

### "If you find" or "if you decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

*Source*:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 104.04 (civil)(5th ed.)(2007 Supp).

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.** _____

## OFFER—DEFINED

     In order for there to be a contract, there must be an offer by one party, an acceptance of the offer by the other party, and consideration for the offer and acceptance. Mere discussions and negotiations are not a substitute for the formal requirements of a contract. I will now define those terms for you.

     An offer to make a contract is a proposal to enter into a bargain, communicated by words or conduct, that would reasonably lead the person to whom the proposal is made to believe that the proposal is intended to create a contract. No particular form of an offer is required, although the essential terms of the contract must be reasonably clear, definite and certain.

_Source_:      Mich. Civ. J. I. 142.10 (2006).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**

**DURATION OF OFFER**

Unless the person making the offer specifies when the offer expires, an offer remains open for a reasonable time, unless revoked earlier. What constitutes a reasonable period is for you to decide and must be determined from the particular circumstances of the case and from any conditions declared in the terms of the offer.

*Source*:        Mich. Civ. J. I. 142.11 (2006).

**The parties agree that whether this instruction is appropriate will depend upon the proofs.**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.     **

**ACCEPTANCE**

     Acceptance is a statement or conduct by a person receiving an offer that would reasonably lead the person who made the offer to believe that the material terms of the offer have been agreed to [ although an offer may require a specific form of acceptance]. A response that changes, adds to, or qualifies the material terms of the offer is not an acceptance. A material term is one that goes to the essence of the agreement.

*Source*:     Mich. Civ. J. I. 142.13 (2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____

## CONSIDERATION

A contract must be supported by consideration. Consideration is something of value given in exchange for the promise. However, an act done in the past cannot be consideration for a later contract. Doing or promising to do what one is already obligated to do is not consideration. The consideration does not need to be expressed in writing.

*Source*:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 142.16 (civil)(5th ed.)(2007 Supp); *Adell Broadcasting Corp v. Apex Media Sales, Inc*, 269 Mich App 6, 12; 708 NW2d 778 (2005).

_____If a party acted or refrain from acting in reliance on the promise of the other party that detrimental reliance may substitute for consideration.

**Plaintiffs object to this instruction because failure of consideration is an affirmative defense which defendant was required to plead in its answer. Defendant failed to do so and has therefore waived this defense.**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.** _____

**WORDS GIVEN ORDINARY MEANING**

You should interpret the words of the contract by giving them their ordinary and common meaning.

*Source*:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 142.53 (civil)(5th ed.)(2007 Supp).

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____

## STATUTE OF FRAUDS

     (1)    An action shall not be brought against a financial institution to enforce a promise or commitment to lend money, grant or extend credit, or make any other financial accommodation unless the promise or commitment is in writing and signed with an authorized signature by the financial institution.

     (2)    "Financial institution" means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association, a state or federal chartered credit union, a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act.

*Source:* MCL § 566.132.

(3) A note or memorandum may be sufficient under the statute of frauds . . . even though it consists of several separate papers and documents, not all of which are signed by the party to be charged, and none of which is a sufficient memorandum in itself . . . [and] may be satisfied by several writings made at different times. *Kelly-Stehney & Assoc. v. MacDonald's Indus. Prods.*, 693 N.W.2d 394, 399 (Mich. App. 2005)

(4) A writing need not include all the essential elements of a contract, but rather, the court should evaluate on a case-by-case basis whether the notes and memoranda have substantial probative value in establishing a contract.

*Kelly-Stehney & Assoc.*
*v. MacDonald's Indus. Prods.*, 693 N.W.2d 394, 399 (Mich. App. 2005)

(5) To prevail on its defense that plaintiff''s breach of contract claim is barred by the **statute of frauds**, defendant must prove that the promise was not evidenced by a writing signed by a person on the rise to do so.

## Defendant objects to paragraphs 3, 4 and 5.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____**

**MITIGATION**

(1)     Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to mitigate those damages - that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

(2)     So,  in fixing the amount of damages, you should not include any loss that Plaintiffs could have prevented by exercising reasonable care and diligence when they learned or should have learned of the breach. The burden is on Americor Lending Group, Inc. to prove that Plaintiffs failed to minimize their damages and that the damages should be reduced by a particular amount as a result.

*Source*:  CV 3.04E; O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 142.35 (civil)(5th ed.)(2007 Supp); *Ambassador Steel Co v. Ewald Steel Co*, 33 Mich App 495; 190 N W 2d 275 (1971).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. _____**

**Oral statements or admissions**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

*Source*: O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 104.53 (civil)(5th ed.)(2007 Supp).

**The parties agree that whether this instruction is appropriate will depend upon the proofs.**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____

### Requests for admission

Defendant has introduced into evidence certain "requests for admission," identified as "Defendant's Exhibit ____." These are deemed to be admitted by Plaintiffs because Plaintiffs had the opportunity to deny or challenge them and did not do so. You are to take the facts stated in Defendant's Exhibit ____ as true for purposes of this case.

*Source*:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 104.70 (civil)(5th ed.)(2007 Supp).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO._____

### Jury to Consider All the Evidence

_____In determining whether any fact has been proved, you shall consider all of the evidence bearing on that fact without regard to which party produced the evidence.

*Source:*        Mich. Civ. J.I. 3.09 (2006)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO._____

### Jurors May Take into Account Ordinary Experience and Observations

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case such knowledge may not be used as evidence.

*Source:*        Mich. Civ. J.I.  3.11

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.** _____

### Answers to Interrogatories

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers. By introducing an opposing party's answers to interrogatories, that party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

*Source*:  O'Malley, Grenig, & Lee, 3 Fed. Jury Prac. & Instr. § 104.72 (civil)(5th ed.)(2007 Supp)

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., 3910 TELEGRAPH RD., SUITE 200, BLOOMFIELD HILLS, MI 48302  (248) 593-5000

Respectfully submitted,


Dated: <u>May 9, 2007</u>                                        <u>/s/ Michael O. Nelson</u>
                                                                Michael O. Nelson P23546
                                                                Attorney for plaintiff
                                                                648 Monroe NW, Ste 318
                                                                Grand Rapids, MI 49503
                                                                (616) 559-2665


                                          LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.


                                          By:     <u>s/Thomas G. Costello</u>
                                                  THOMAS G. COSTELLO (P42973)
                                                  Attorney for Defendant Americor
                                                  3910 Telegraph Road, Suite 200
                                                  Bloomfield Hills, Michigan  48302
                                                  (248) 593-5000
DATED: May 9, 2007