UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRANDON MILLER and
CHRISTINE MILLER

    Plaintiff                                    Case No. 1:06-CV-33

v                                              Hon. Richard Alan Enslen

AMERICOR LENDING GROUP, INC.

    Defendant

## JOINT STATEMENT OF THE CASE

**Plaintiffs' factual claims**

    plaintiff contacted the defendant seeking a mortgage loan to purchase a new home. Defendant took from plaintiffs a mortgage application and promised the plaintiffs a mortgage loan with an interest rate of 2 percent for 5 years and then a rate tied to the treasury bill rate which, defendant said, had not exceeded 3.5 percent for at least 15 years. plaintiffs were concerned that this might be a negatively advertising mortgage. To verify that the mortgage would not negatively amortize, plaintiffs asked defendant for an amortization schedule or it defendant sent the plan is an amortization schedule which showed that the mortgage would not negatively amortize. In addition to the amortization schedule defendant sent the plaintiffs documents, including a preliminary Truth in Lending disclosure and a good faith estimate describing a 2 percent mortgage without negative amortization, and a signed statement that their loan had been approved.

    Plaintiffs decided how much they could afford to pay for mortgage payments and shopped for a home in that price range. Plaintiffs contracted to buy a home for a purchase price of

$178,000. according to the amortization schedule that defendant had given them, monthly payments, on a $178,000 mortgage, would be $657.92 per month; an amount that plaintiffs could comfortably afford. A closing date was scheduled and plaintiff's planned to take possession of their new home immediately upon closing. Plaintiffs had packed their belongings in preparation for the move from Sault St. Marie to Cedar Springs when, the day before the closing, plaintiffs received a call from another of defendant's employees who told them that defendant would not make the mortgage as previously represented and there never was a 2% mortgage available.

plaintiff's state that, but telephone call immediately before closing, they were never told that the 2% mortgage would not be available. Plaintiffs were not sent any documents describing mortgage terms other than the 2% mortgage. Plaintiffs state that they were never given a statement of the reasons why they were not provided with the loan on the terms for which they applied.

**Defendant's factual allegations**:

Plaintiffs contend that in May 2005 Americor supposedly promised to give them a residential mortgage loan with the following elements: (1) the interest rate for the first five years would be fixed at 2%; (2) after the fifth year the interest rate would change to an *unidentified* and *unspecified* "treasury average", a rate which supposedly had not exceeded 3.5% for the prior 15 years; and, (3) they would have 4 different monthly payment options to choose from over the 30 years course of the loan.

No documents - or even combination thereof - sent to the Plaintiffs represent a promise to extend a loan under the terms they allege. At the Plaintiffs request an employee at Americor did send them a few documents which advised the Plaintiffs what payments would be at a 2% interest rate for a hypothetical loan amount, an amount

which did not match the loan amount they later asked for or address of the property they wanted to purchase.  Those same documents affirmatively stated Americor was not making a commitment to make a loan at such a rate.  Further, Americor specifically advised the Plaintiffs, in writing, that an interest rate for the loan had not yet been determined or approved.  Plaintiffs ignored this language.

In July 2005 - several months after their initial contacts with Americor - Plaintiffs finally located a house they wanted to buy.  They then contacted Americor and stated they wanted to proceed with a mortgage loan.  After additional information and documentation was provided to Americor it offered the Plaintiffs a loan with an interest rate fixed at 6% for a 30 year term.  The Plaintiffs were upset they could not get a loan with a fixed interest rate of 2% for the first five years, which would then become adjustable for the next 25 years to a rate which supposedly had not exceeded 3.5% in the prior 15 years, and which offered them 4 different monthly payment options.  The Plaintiffs then told Americor they were done dealing with it.  As such, Americor sent them a notice confirming they withdrew their request for a loan.

Rather than selecting a less expensive house the Plaintiffs decided they still wanted to purchase the same property.  They turned to Fifth Third Bank and obtained two loans which allowed them to go ahead with the purchase.   They went to Disney World for a family vacation a few months later.  In December 2005 they also made a $10,000 pre-payment on at least one of the loans they obtained.  They have continued to make all payments required under their loans.

**Both parties object to the other's factual allegations as unduly argumentative.  However, the parties have exchanged further drafts and may be**

**able to submit a joint statement on which both parties can agree.**

**Elements that must be proven by the plaintiffs:**

To prevail on their claim that defendant violated the **Equal Credit Opportunity Act**, plaintiffs must prove:

1. The defendant regularly extends credit or arranges for the extension of credit.
2. Plaintiffs applied to the defendant for extension of credit.
3. Defendant refused to grant credit to the plaintiffs on substantially the terms that plaintiffs request.
4. Defendant failed to provide to plaintiffs written notice of the reasons it refused to extend credit to the plaintiffs on the terms requested within 30 days after receiving plaintiffs' application.

However, when an applicant expressly withdraws a credit application, the creditor is not required to comply with the notification requirements of the Act.

To prevail on their claim for **breach of contract**, plaintiffs must prove:

(1) That there was a contract between the plaintiffs and Americor Lending Group.

(2) That Americor Lending Group breached the contract; and

(3) That plaintiffs suffered damages as a result of the breach.

To prevail on their claim for **Fraud Based on False Representation**, Plaintiffs Must Prove each of the following elements by clear and convincing evidence:

(1) That Americor made a representation of material fact.

(2) That the representation was false when it was made.

(3) That Americor knew the representation was false when it made it, or made it recklessly, that is, without knowing whether it was true.

(4) That Americor made the representation with the intent that plaintiff rely on it.

(5) That Plaintiffs relied on the representation.

(6) That Plaintiff were damaged as a result of their reliance.

To prevail on their claim for **Fraud Based on Bad-Faith Promise**, Plaintiffs Must Prove:

(1) That Americor promised that it would provide the Plaintiffs a mortgage loan with the following elements: (a) the interest rate for the first five years would be fixed at 2%; (b) after the fifth year the interest rate would change to a "treasury average", a rate which supposedly had not exceeded 3.5% for the prior 15 years;.

(2) That at the time Americor made the promise, it did not intend to keep it.

(3) That Americor made the promise with the intent that plaintiff rely on it.

(4) That Plaintiffs relied on the promise.

(5) That Plaintiffs were damaged as a result of their reliance.

To prevail on their claim that defendant violated the **mortgage brokers, lenders and servicers act**, plaintiffs must prove:

1. that defendant is a mortgage broker or mortgage lender
2. that defendant engaged in fraud, deceit, or material misrepresentation in connection with a mortgage loan.

Dated: May 9, 2007               /s/ Michael O. Nelson
                                 Michael O. Nelson P23546
                                 Attorney for plaintiff
                                 648 Monroe NW, Ste 318
                                 Grand Rapids, MI 49503
                                 (616) 559-2665

                                 LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

                         By:      s/Thomas G. Costello
                                 THOMAS G. COSTELLO (P42973)
                                 Attorney for Defendant Americor
                                 3910 Telegraph Road, Suite 200
                                 Bloomfield Hills, Michigan 48302
                                 (248) 593-5000
DATED: May 9, 2007